UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.:   16-09373 |
| Northwest Pediatric Services S.C. d/b/a Kid | ) | |
| Care Medical S.C., an Illinois corporation | ) | Chapter: 11 |
| | ) | Honorable Jacqueline Cox |
| | ) | |
| | ) | |
| Debtor(s) | ) | |

## FINAL ORDER AUTHORIZING USE OF
## CASH COLLATERAL AND GRANTING RELATED RELIEF

THIS MATTER COMING TO BE HEARD for final hearing on the Motion of Northwest Pediatric Services S.C. d/b/a Kid Care Medical S.C., an Illinois corporation, debtor/debtor-in-possession herein ("Debtor"), For Authority to Use Cash Collateral pursuant to Section 363 of the Bankruptcy Code (the "Motion"); proper notice as required by Rule 4001(b) of the Federal Rules of Bankruptcy Procedure having been provided; no objections having been interposed; this Court having determined that the Debtor's use of cash collateral to cover the expenditures set forth on Exhibit A attached to the original motion was necessary to avoid immediate and irreparable harm to the Debtor's estate pending a final hearing on the Motion; and this Court being fully advised in the premises;

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

A) Debtor is authorized to use cash collateral through and including confirmation of a plan, to the extent of reorganization. Further budgets, as necessary and/or requested will be furnished.

B) In return for the Debtor's continued interim use of cash collateral, Internal Revenue Service ("IRS") and Illinois Department of Revenue ("IDR") are granted the following adequate protection for their purported secured interests:

1. The Debtor will permit IRS and IDR to inspect, upon reasonable notice, within reasonable hours, the Debtor's books and records;

2. The Debtor shall maintain and pay premiums for insurance to cover all of its assets from fire, theft and water damage;

3. The Debtor shall, upon reasonable request, make available to IRS and IDR evidence of that which constitutes its collateral or proceeds;

4. The Debtor will properly maintain its assets; and

5. IRS and IDR shall be granted post-petition replacement liens on the assets of the Debtor only to the extent and validity of IRS and IDR's pre-petition liens.

6. As additional adequate protection, IDR shall be granted the right to setoff its pre-petition claim against post-petition receivables owed to the Debtor by the State of Illinois to the same extent that IDR could have asserted a right to setoff its claim against pre-petition receivables. IDR's right to setoff

its pre-petition claim against post-petition received herein shall be subject to the automatic stay and may only be effectuated upon entry of an order lifting the stay.

Enter:

*Jacqueline P. Cox*

J. Cox

United States Bankruptcy Judge

Dated: 5/5/16

**Prepared by:**

Scott R. Clar
(Atty. No. 06183741)
Brian P. Welch
(Atty. No. 6307292)
Crane, Heyman, Simon, Welch & Clar
135 South LaSalle Street, Suite 3705
Chicago, IL 60603
312) 641-6777